[Civ. No. 7599. Second Appellate District, Division Two.—May 2, 1933.]

ALEXANDER HADDAD, Respondent, v. AFUE McDOWELL et al., Defendants; CALIFORNIA ESCROW & FINANCE CORPORATION (a Corporation), Appellant.

Afue McDowell for Appellant.

Henry M. Lee for Respondent.

WORKS, P. J.—This is an action to recover damages for the wrongful eviction of plaintiff, as a tenant, by defendants, as his landlords. A nonsuit was granted as to defendant McDowell. Plaintiff had judgment against defendant corporation and that defendant appeals.

The trial court found to be true an allegation of the complaint that respondent had leased from appellant the westerly 150 feet of "lots 10 and 11", the court having also found that appellant was the owner of the property mentioned. It is contended that the finding first mentioned is not supported by the evidence for the reason that the lease covered only the westerly 100 feet of lot 11. It is said in the brief: "All the rest of lot 11 and all of lot 10 were not leased to him, but were subjected to a right of way for Haddad and his tenants." The nature and extent of this right of way are not pointed out, but it is stated in appellant's brief that "The amended answer alleged that each lot was only 150 [sic] long, and that the easterly 50 feet of each of the lots was improved with an automobile

shop not concerned in this lease." There is, however, nothing to show that evidence was introduced to prove the allegation, if the answer in fact contained such an allegation, for the brief fails to indicate where the averment is to be found. But it was stipulated at the trial that the real property involved in the action "is just that covered or just that real estate mentioned in the lease". The property mentioned in the instrument was the westerly 100 feet of lot 11. It would appear that the finding is not supported by the evidence. We doubt whether the erroneous finding did appellant any harm, but rather than discuss his argument on that head we prefer to make a new finding on the subject. Appellant says that "the decision should be corrected" with respect to this matter, and we have the power to make the correction in the mode just stated (Code Civ. Proc., sec. 956a).

The pleading of respondent upon which the cause was tried was an amended complaint. In it the lease between the parties was mentioned, and the pleader then proceeded, "a copy of which is attached to the original complaint herein and made a part thereof, and reference to which is hereby made a part of this amended complaint". This language was followed by a statement of certain of the provisions of the lease according to its legal effect. Laying aside the question whether in his amended complaint respondent properly made the lease an exhibit, by adoption from the superseded complaint, laying aside also the point whether the document was fully enough pleaded in the later pleading according to its legal effect, we think appellant is in no position to urge the contention that the amended complaint was defective. If there was a defect in the pleading it was cured by the fact that appellant alleged the execution of the lease in its amended answer and set up a copy of it as an exhibit to that pleading.

The trial court found that respondent and his subtenants were in possession under the lease at the time of the alleged eviction. The building on the property was what is known as a "drive-in-market", and was constructed in such manner as to house several businesses of different characters. Appellant assails the finding just mentioned because, as it is said, respondent himself was not in possession, he having testified that he had no business in the building but that he

had sublet all parts of it. The point is not tenable. As between lessor and lessee the possession of subtenants is the possession of the lessee. To put the matter differently, the eviction of subtenants by a lessor is an eviction of the lessee. These questions are so clear that citation of authority upon the subject is not necessary.

Appellant makes many other points but none of them requires a separate discussion. Some of the questions stated are not argued, nor are authorities cited to support them. Some of the points now referred to are answered by what we have said above. It is at once apparent that some of the points are wholly without merit. Perhaps fifteen or twenty points are made as to the admission or exclusion of evidence, but none of these is sufficiently argued to show the materiality of it to a disposition of the cause, either in the trial court or upon this appeal. Several points are made as to the sufficiency of the evidence to support the findings, but in support of each such point statements of alleged fact are made in the language of appellant's counsel, without adequate reference to places where evidence concerning the matters stated are to be found. Appellant's opening brief is over 125 pages in length. Very many of these pages consist of these general statements of fact, with very rare and wholly insufficient references to the transcript on appeal.

In lieu of finding I of the trial court this court finds: "I. That each and all of the allegations contained in paragraphs I, II, III and IV of plaintiff's amended complaint are true, except that it is not true, as alleged in said paragraph III, that plaintiff leased from defendant corporation the entire real property described in said paragraph II. It is hereby found that the lease in question covered only the westerly one hundred (100) feet of said lot eleven (11)."

Judgment affirmed.

Craig, J., and Archbald, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 31, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 30, 1933.